**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Annmarie Michelle Summarell,<br><br>Defendant. | No. CR-21-00205-001-PHX-DJH<br><br>**ORDER** |

Before the Court is Defendant Annmarie Michelle Summarell's ("Defendant Summarell") Motion for Sentence Reduction (Doc. 167) under 18 U.S.C. §§ 3582(c)(1)(A) and (c)(2). The Government filed a Response in opposition. (Doc 170) and the Defendant filed a Reply. (Doc. 174). The Court has considered the parties pleadings and attachments and now issues its Order.

**I.      Background**

On March 25, 2021, a federal Grand Jury indicted Defendant Summarell Count One, Possession with Intent to Distribute Methamphetamine (21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(vii), Count Two, Possession with Intent to Distribute Cocaine (21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and Count Three, Possession with Intent to Distribute Heroin (21 U.S.C. §§ 841(a)(1) and (b)(1)(C). (Doc. 9 at 1–2). She entered into a plea agreement with the Government wherein she pled guilty to a lesser included offense of Count 1 of the Indictment, Conspiracy to Possess with Intent to Distribute 50 grams or more of a mixture of Methamphetamine. (Doc. 147). She agreed to particular facts as a basis for her guilty

plea, including that she and co-defendants agreed to possess bulk quantities of methamphetamine which they intended to distribute. (*Id*. at 9). She aided her co-defendants by obtaining methamphetamine in Arizona, and facilitating its transfer to a distributor in California. (*Id*.) Particularly, on February 26, 2021, a co-defendant delivered methamphetamine to her home, and another co-Defendant arrived, paid $18,000 for it and drove toward California. Before he left her home, Defendant Summarell provided him with an AR-15 rifle. A search of her home yielded drug trafficking paraphernalia, and several firearms and ammunition, which were seized and forfeited to the Government. (*Id*. at 10).

In paragraph 6 of Defendant Summarell's plea agreement, she waived "any right to file an appeal, any collateral attack, and any other writ or motion that challenges . . . any aspect of [her] sentence, including the manner in which the sentence is determined[,] . . . including but not limited to any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)(except for the right to file a compassionate release motion under 18 U.S.C. § 3582(c)(1)(A). (*Id*. at 4–5). Defendant Summarell also agreed that her sentence shall not exceed 156 months. (*Id*. at 2).

On March 2, 2023, the Court imposed a custody sentence of 108 months followed by a supervised release term of 60 months. (Doc. 148 at 1). Prior to imposing this sentence, the Court determined that Defendant Summarell's sentencing guideline offense level was 41 and her criminal history category was II, resulting in a sentencing guidelines range of 360 to 480 months. (Doc. 149 at 1). The Court imposed a sentence well below that range in accord with her plea agreement. Defendant Summarell has served approximately 20 months of her 108-month sentence. Her projected release date is May 17, 2030. (Doc. 167-1 at 2).

**II.  Discussion**

The Defendant brings her Motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A), recently modified by the First Step Act of 2018. *See* Pub. L. No. 115-391, § 603. That statute states that a district court "may not modify a term of imprisonment

once it has been imposed" unless the Congressionally mandated exception is present. 18 U.S.C. § 3582(c); *see also Dillon v. United States*, 560 U.S. 817, 824–25 (2010). That exception is present when either the motion to modify sentence is brought by the BOP "or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal[.]" 18 U.S.C. § 3582(c)(1)(A) (emphasis added). A defendant bears the burden to show she is eligible for a sentence reduction. *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022). And the Court must also consider the 18 U.S.C. § 3553(a) sentencing factors in coming to a determination whether to impose a reduction in sentence. Therefore, the Court must find both extraordinary and compelling reasons for compassionate release *and* that the 3553(a) factors support such release. *See United States v. Ruelas*, 2020 WL 5645093, *2 (D. Ariz. Sept. 22, 2020) (citations omitted).

**A.     Relief Under 18 U.S.C. § 3582(c)(1)(A)**

Modifications of sentences, once imposed, are governed by 18 U.S.C. § 3582(c)(1)(A)(i), which states " [t]he court *may not* modify a term of imprisonment once it has been imposed except that – in any case –

> (A)     the court, upon motion of the Director of the Bureau of Prisons, ["BOP'] or upon motion of the defendant *after the defendant has fully exhausted all administrative right to appeal a failure of the BOP to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier*, may reduce the term of imprisonment  . . . after considering the factors set forth in section 3553(a) to the extent that they are applicable . . . if it finds that (i) extraordinary and compelling reasons warrant such a reduction[.]" (emphasis added)

 18 U.S.C. § 3582(c)(1)(A)(i). This Court may not consider a defendant's request to modify her sentence unless a Defendant has fully exhausted all administrative remedies. *United States v. Weidenhamer*, 2020 WL 1929200 at *2 (D. Ariz. Apr. 21, 2020). Defendant Summarell filed the BOP Wardens denial of her request for Compassionate Release on April 30, 2024. (Doc. 167-1 at 8). So, she has met the exhaustion requirement.

The Wardens' denial of her April Compassionate Release request notes that an extraordinary and compelling reason must meet the requirements in the BOP's Program

Statements 5050.50. The Policy states that the following criteria may be used to file for a Reduction in Sentence ("RIS"): Terminal Medical Condition, Debilitated Medical Condition, Elderly Inmates, Death or Incapacitation of Family Member Caregiver, and Incapacitation of a Spouse or Registered Partner. (Doc. 167-1 at 10). Defendant Summarell stated five reasons for her request, four of which are not relevant under the Policy. Her fifth reason states: "My medical condition of chronic kidney disease with several kidney stones still not being treated nor seen by a specialist and my increased risk to COVID-19 due to my kidney disease." (*Id*. at 9). The Warden determined that her request did not meet the Policy criteria, thus, her request was denied. The Court takes no issue with that decision.

U.S.S.G. § 1B1.13 provides additional guidance on the type of circumstance that may warrant a sentence modification. A defendant may be eligible for compassionate release if she shows: (1) the existence of extraordinary and compelling reasons within the meaning of the statute, (2) that nay sentence reduction be consistent with applicable policy statements issued by the Sentencing Commission. However, rehabilitation, alone, shall not be considered an extraordinary and compelling reason. *See id*.

**1.    Analysis**

As best the Court can tell, Defendant Summarell brings her compassionate release Motion predominately based on her rehabilitation efforts and her kidney issues. So, the Court must consider them, together. Defendant Summarell states that she has made "significant and exceptional efforts at rehabilitation. (Doc. 167 at 5). Shas participated in the Evidence Based Recidivism Reduction Program and its activities to prepare for her eventual release. (*Id*. at 6). She was selected as a primary dog handler in June 2023, taken adult continuing education courses and began college course work in 2023. (*Id*.) Attached to her Motion are various certificates of completion. (*See e.g*., Doc. 167-1 at 16). She has not had an incident report for her entire incarceration period of approximately 16 months. (*Id*.) She also has employment with UNICORE as a Warehouse Room Clerk. (*Id*. at 9). While laudable, these efforts toward rehabilitation are not exceptional. Rather, they are

considered as generally expected for any incarcerated person in the Defendant's circumstances. *See United States v. Bisel*, 2021 WL 3634830, at *5 (S.D. Cal. Aug. 16, 2021) (noting that the inmate's rehabilitation efforts while in custody such as earning his GED and attending drug treatment programs were "expected milestones as one of the purposes of a duly imposed sentence.") (citing 18 U.S.C. § 3553(a)(2)(D)).

Next, Defendant Summarell asserts that her kidney issues and newly developed kidney stones place her at risk because she is not provided timely or adequate care. (*Id*.) Indeed, her presentence report indicates that she was born with chronic kidney disease and received medical treatment for the condition from childhood. (Doc. 150). Yet, she indicated having no other hospitalizations or medical issues at that time. She also indicated having shoulder pain and receiving cortisone shots for her pain.

Attached to her Motion are more recent medical records. (Doc. 167-1 at 12–14). Those records indicate reported shoulder pain. However, a March 2024 note states "[t]he inmate does not meet criteria for the current RIS categories that involve the inmate's health because the patient is not terminal, elderly with medical conditions or considered medically debilitated." (Doc. 167-1 at 13). So, on this record, the Court does not find an extraordinary and compelling medical reason, singularly or in combination with her rehabilitation successes, warrant a sentence reduction. *Ruelas*, 2020 WL 5645093, *2.

**B.    Relief Under 18 U.S.C. 3582(c)(2) and the Sentencing Guideline Amendments**

The Defendant also brings her early release request under 18 U.S.C. § 3582(c)(2). Under Section 3582(c)(2), the sentencing Court may to reduce a term of imprisonment for eligible defendants after first considering the sentencing factors in 18 U.S.C. § 3553 and the policy statements issued by the Sentencing Commission. *See Dillon,* 560 U.S. at 827; *United States v. Rodriguez*, 921 F.3d 1149, 1153 (9th Cir. 2019) (applying *Dillon*).

Importantly, the Court notes that Defendant Summarell has waived her statutory right to seek a sentence modification. (Doc. 147 at 4–5). In her plea agreement, she agreed to waive her statutory right to file any "motion that challenges ... any aspect of the defendant's sentence, including the manner in which the sentence is determined, including

... any right to file a motion for modification of sentence, including under 18 U.S.C. § 3582(c)." (*Id.*)  This provision applies to Defendant's current Motion seeking relief under 18 U.S.C. § 3582(c)(2). The Government and Defendant must abide by the terms of their agreement, so, the Court finds she has waived her right to bring a sentence reduction motion under § 3582(c)(2).

Nonetheless, as the Government points out, Defendant is not eligible for a sentence reduction under the Zero-Point Offender Reduction Amendment because she has a disqualifying three criminal history points at time of sentencing. (Doc. 170 at 6). And the drug quantity amendments would not apply to her because she was held responsible for over 136,000 kg of converted drug weight. (*Id*. at 7). Consequently, the Defendant would not be eligible for a sentencing reduction under these two sentencing guideline amendments.[1]

Finding no basis to reduce Defendant Summarell's sentence for compassionate release, and that she waived all other rights to appeal the imposition or modification of sentence, the Court will deny her Motion.

**IT IS ORDERED DENYING** the Defendant's Motion for Sentence Reduction (Doc. 167).

Dated this 3rd day of October, 2024.

Honorable Diane J. Humetewa
United States District Judge

---

[1] Having found no basis for reducing Defendant Summarell's sentencing under 3582(C)(1)(A), the Court need not consider the 3553(a) sentencing factors.